IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50242
Conference Calendar
_____

KEITH JUDD,

                                        Plaintiff-Appellant,

versus

THE UNIVERSITY OF NEW MEXICO;
ALBUQUERQUE POLICE DEP'T; C. LEROY
HANSEN, U.S. District Judge for
the District of New Mexico, Albuquerque
Division; LORENZO GARCIA, U.S.
District Judge for the District of
New Mexico, Albuquerque Division;
W.W. DEATON, U.S. Magistrate Judge
for the District of New Mexico,
Albuquerque Division,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-96-CV-122
- - - - - - - - - - -
December 9, 1997
Before BARKSDALE, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     We must examine the basis of our jurisdiction on our own

motion if necessary.  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th

Cir. 1987).  When an action involves multiple parties or multiple

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

claims, any decision that adjudicates the liability of fewer than all the parties or disposes of fewer than all the claims does not terminate the litigation and is therefore not appealable unless certified under FED. R. CIV. P. 54(b).  *See Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir. 1985); *Borne v. A & P Boat Rentals No. 4, Inc.*, 755 F.2d 1131, 1133 (5th Cir. 1985).  The district court did not certify the order of dismissal of the federal judges for appeal; and the order does not independently, or together with related parts of the record, reflect the district court's clear intent to enter a judgment under Rule 54(b).  *See Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1219-20 (5th Cir. 1990) (en banc).

In addition, contrary to Judd's contentions, the "collateral order" exception to 28 U.S.C. § 1291 is inapplicable.  The order dismissing the judges "is not collateral to merits, but rather determines merits defenses, and it would be fully and effectively reviewable on appeal if and when a final judgment is rendered . . . ."  *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1069, 1070 n.2  (5th Cir. 1997).  Accordingly, we are without jurisdiction.

This appeal is frivolous, and it is a continuation of Judd's pattern of frivolous filings.  The appeal is DISMISSED.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  We caution Judd that any additional frivolous appeals filed by him or on his behalf will invite the imposition of

sanctions.  To avoid sanctions, Judd is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.